AYRES, Judge.
This is an action for a declaratory judgment, the object of which is a decree that plaintiff, Oliver, is eligible to serve as a member of the Municipal Fire and Police Civil Service Board of the City of Shreveport, Louisiana. Oliver is joined by the Shreveport Firefighters Local Union Number 514, an association composed of the individual members of the Shreveport Fire Department, as a party-plaintiff. In addition to the City, the Municipal Fire and Police Civil Service Board of the City of Shreveport is made a defendant. At the trial of the case on its merits, the trial court held that Oliver’s position as Director of the Fire Prevention Bureau of the Shreveport Fire Department disqualified him for service as a member of the board.
Therefore, plaintiffs’ demands were rejected and, from the judgment, they have appealed.
The substantial facts involved appear to have been established without serious dispute, and, in fact, most of the pertinent facts have been stipulated by counsel.
Plaintiff Oliver was elected by an overwhelming vote of 134 to one by the members of the Shreveport Fire Department as a member of the defendant civil service board in accordance with the provisions set forth in Art. 14, § 15.1, et seq., of the LSA-Constitution. Defendant city failed to accept the result of the election and to make the appointment of Oliver as a member of the board, and referred to the board the question of his eligibility, which had been protested. The basis of the protest is found in the provisions of Par. 6 b of the above-noted constitutional provision which, so far as pertinent, reads as follows:
“Any employee while serving as a member of a board shall occupy as a regular employee a position or office lower than that of chief, assistant chief, district chief, or battalion chief of his department.” (Emphasis supplied.)
Thus, concisely stated, the issue is whether the position of Director of the Fire Prevention Bureau is a position or office lower than that of chief, or of assistant or district chief, of the Shreveport Fire Department. (There is no position of battalion chief in the Shreveport Fire Department.) The language of the quoted constitutional provision suggests an inquiry as to lozver in what respect? or by what standard or criteria? The word “lower” is the comparative of “low,” which is defined as “A comparative adjective, the interpretation and application of which may vary substantially. It is a relative term, and a thing is said to be low when compared with other things.” 54 C.J.S. p. 883.
In determining, therefore, whether Oliver’s position is lower or higher than those enumerated, what are the guide lines ? —Is it his salary? special training and experience ? or seniority ? or is it determined by the fact that he was supervised by the chief of the fire department? or by the fact *3 that he supervises five subordinates in his own department in contrast to the 40 or •more supervised by the district fire chiefs or by the chief or assistant chiefs of the fire department? or by a combination of some or all of these things? We know of no constitutional or statutory provision, and have been referred to none, that so provides. Therefore, neither in the Constitution nor by statute do we find any basis, standard, or guide by which it may be ■determined how or in what respects Oliver’s position may be either higher or lower than that of chief, assistant chief, or district chief of the Shreveport Fire Department. The adoption of a standard for such a ■determination is not a judicial but a legislative function.
Whether the civil service board may adopt and maintain a classification plan of the members of the fire and police ■departments affecting their qualifications for service on the board, as defendants contend, is a matter which we need not now determine. It suffices to state that, so far as the Tecord before us discloses, no such classification has been made of plaintiff’s position. Defendants contend, nevertheless, that, by rendition of the advisory opinion, the board ■did make such a classification. In this regard it may he pointed out no showing was made that the so-called opinion was Tendered after consultation with either the state examiner or the appointing authority.
The duties of the state examiner are to serve the various hoards in a supervisory capacity and to prepare and submit a classification plan to each board for its approval, after consultation with the appointing and departmental authorities. Louisiana Constitution, Art. 14, § 15.1, Subsec. 9 j, Sub-pars. (1) and (2). Moreover, there is a requirement that
“Each board, as soon as practicable {not to exceed a period of eighteen months) after this Section takes effect in the municipality, shall adopt a classification plan for the fire and police services of the municipality. * * * The classification plan shall be adopted as rules of the board, in the manner provided by this Section for the adoption of rules. Rules creating the classification plan, future classifications, abolition of any classification, any amendment thereto, or revision thereof shall be adopted by a board only after consultation with the appointing authority, and the state examiner. The original classification plan to be ex-tablished [sic] when this Section takes effect in a municipality shall be prepared, after consultation with the appointing authority, and submitted to the board for its approval and adoption, by the state examiner.” (Emphasis supplied.) Louisiana Constitution, Art. 14, § 15.1, Subsec. 13.
Clearly, the advisory opinion was not, and did not purport to be, a classification of Oliver’s position; nor was it rendered or adopted as a rule of classification. In any event, it was ineffective in that respect as not having been adopted after consultation with either of the appointing authorities, particularly the state examiner.
Moreover, a general rule is that
“Although all persons are equally eligible to office who are not excluded by some constitutional or legal disqualification, the right to be appointed or elected to a public office is not a natural or inherent right; it is a privilege, the exercise of which should not be declared prohibited or curtailed except by plain provisions of law.” 67 C.J.S.
Officers § 11, pp. 123, 124.
Moreover,
“Provisions in statutes and constitutions imposing qualifications should receive a liberal construction in favor of the right of the people to exercise freedom of choice in the selection of officers, and in favor of those seeking to hold office; and ambiguities should *4 be resolved in favor of eligibility to office. * * *
“There is a presumption in favor of eligibility of one who has been elected or appointed to public office, and any doubt as to the eligibility of any person to hold an office must be resolved against the doubt.” 67 C.J.S. Officers § 11, p. 126.
The language of the constitutional provision, quoted hereinabove, relating to disqualification for membership on the civil service board, as we have heretofore pointed out, is, to say the least, ambiguous and its meaning obscure.
Appropriate, it would seem, is an observation early made by the Supreme Court in State v. Blanchard, 6 La.Ann. SIS (1851), wherein it was stated:
“Public offices and employments are established for the benefit of the people, not of the functionaries; and it seems to us, that laws restricting the choice of the people, and the area of selection, should not receive a large construction, so as to take in, by implication, offices requiring professional skill, and not representative in their character.”
Therefore, we find no legal basis upon which it might be determined that Oliver’s position as Director of the Fire Prevention Bureau is not lower than that of chief, assistant chief, or district chief of his department.
Accordingly, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed there be judgment herein in favor of the plaintiffs and against defendants, as prayed for, and that, accordingly, plaintiff, Raymond B. Oliver, be, and he is hereby, decreed qualified for membership on the Municipal Fire and Police Civil Service Board of the City of Shreveport and, as such, entitled to an appointment thereto.
It is further Ordered, Adjudged, and Decreed that the defendants be taxed with all costs with which they may be legally assessed.
Reversed and rendered.