Dear Ms. Campbell:
This office is in receipt of your request for an opinion of the Attorney General in regard to the term of office of board members for Bossier Council on Aging.
In R.S. 46:1601 it is provided that in each parish a voluntary council on aging may be organized to function in accordance with the provisions of the Chapter. R.S. 46:1602, entitled "Issuance of charter by the secretary of state; organization and operations, authority to receive public funds; logo", includes the provisions as follows:
 C. The number of members of each council and the terms of members shall be determined by the council under the general guidelines established by the Office of Elderly Affairs upon review and recommendation of the Louisiana Aging Advisory Board.
The policy manual from the Governor's Office of Elderly Affairs for membership of the Board of Directors states, "The term of office for each board member shall be limited to no more than three years and two consecutive terms."
The Articles of Incorporation for the Bossier Council on Aging similarly provides in Article VII, Section 3, as follows:
 The term of office for each director position shall be three years with staggered terms established to insure that one-third of the term shall expire annually. Board members shall not serve more than two consecutive terms of three years, provided, however, that a former Board member may be re-elected for the remainder of the unexpired term.
The information forwarded to us shows a Board member was elected to fill an unexpired two year term for the years 1986 and 1987. This member was re-elected for a three year term, in January of 1988, and in January of 1991.
The question presented to us is whether this member may serve the second full three year term. The Board believes no Board member may serve more than six years consecutively, and this member has now been on the Board for seven years.
In answering your question we must proceed under the concept that there is a presumption in favor of eligibility of one who has been elected or appointed to public office, and any doubt as to eligibility of any person to hold office must be resolved against doubt. Oliver v. City of Shreveport, 169 So.2d 1, (La.App. 1964).
This office was presented earlier with the question as to whether an individual appointed to complete an unexpired term, and later appointed to a full term would be eligible for reappointment for another term. The relative statute provided that a member could only serve two consecutive terms in office.
This office concluded, "It is the opinion of this office that an appointment to fill a vacancy does not constitute a term of office. It is only when the appointee serves from the entire term that it is considered his term of office." Atty. Gen. Op. No. 86-180.
Subsequently it was similarly concluded that the limitation of one consecutive term did not include the initial term that was less than a full three-year term, Atty. Gen. Op. No. 92-731.
Following these earlier opinions, we find the member in question who was appointed to complete an unexpired term, and later appointed to a full term, may be eligible for reappointment for another full term.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0454f